UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80344-CIV-MARRA/JOHNSON

PHILIP ANDREW WILSON,

    Plaintiff,

vs.

ARIZONA CLASSIC AUTO
d/b/a JD Byrider and et al.,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion for Leave to Proceed In Forma Pauperis (DE 2).  The Court has carefully considered the court file and is otherwise fully advised in the premises.

On February 27, 2009, Plaintiff, proceeding pro se, filed his Complaint against Defendant Arizona Classic Auto, a used car dealership, seeking declaratory relief from "predatory, deceptive and fraudulent practices."  (DE 1.)

Under 28 U.S.C. § 1915(e)(2)(B) provides as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(B) the action or appeal--
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

The Court must first examine whether this Complaint is frivolous or fails to state a claim before reaching a determination on the merits of Plaintiff's in forma pauperis application.  Cf.

Herrick v. Collins, 914 F.2d 228, 229 (11th Cir. 1990) (court should determine whether the complaint was frivolous before ordering plaintiff to pay a partial filing fee).

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Pro se litigants are required to meet certain essential burdens in their pleadings. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). One of these burdens is the establishment of subject matter jurisdiction.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002); see also Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue sua sponte). Accordingly, the Court's subject matter jurisdiction may be raised sua sponte. See American Tobacco, 168 F.3d at 410.

Here, federal court jurisdiction is barred under the Rooker-Feldman doctrine. In the case of Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), the Supreme Court explained that the Rooker-Feldman doctrine applies to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review." Id. at 284-86; see Bates v. Harvey, 518 F.3d 1233, 1241 (11th Cir. 2008). Under the Rooker-Feldman abstention doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Harper v. Chase Manhattan Bank, 138 F.App'x 130, 132 (11th Cir. 2005) citing Dale v. Moore, 121 F.3d 624, 626 (11th Cir.1997). Here, Plaintiff states that the instant case was before the state court and that the state court dismissed his case with leave to amend his complaint. Plaintiff, however, "chose to re-file" the case in federal court. (Compl. at 2.) By choosing not to amend his complaint in state court and by failing to challenge the state court's ruling on appeal, Plaintiff's state case became final. Thus, in seeking review from a federal court, Plaintiff has run afoul of the Rooker-Feldman doctrine.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Complaint is **DISMISSED**. The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of March, 2009.

_____
KENNETH A. MARRA
United States District Judge