UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80344-CIV-MARRA/JOHNSON

PHILIP ANDREW WILSON,

Plaintiff,

vs.

ARIZONA CLASSIC AUTO
d/b/a JD Byrider and et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Arizona Classic Auto d/b/a JD Byrider's ("Defendant") Motion to Dismiss Complaint for Insufficient Service of Process or, in the Alternative, to Dismiss the Complaint with Prejudice (DE 17); Plaintiff Philip Andrew Wilson's ("Plaintiff") Motion for Hearing and to Expedite Proceedings (DE 20); Plaintiff's Motion for Judgment on the Pleadings (DE 33) and Plaintiff's Motion for Hearing on Plaintiff's Judgment on the Pleadings (DE 38). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Background

Plaintiff, who is proceeding *pro se*, filed a "Petition for Declaratory Relief from Predatory, Declaratory and Fraudulent Business Practices." (DE 1.) Plaintiff's Petition arises out of his purchase of an automobile from Defendant that allegedly had numerous mechanical problems. In a paragraph labeled "jurisdiction," Plaintiff lists the following causes of action: Magnuson-Moss Warranty Act, Federal RICO, Florida Deceptive and Unfair Trade Practices

Act, Theft by Deception, Title Fraud, Bad Faith, Breach of Warranty and Unjust Enrichment.

Defendant moves to quash for insufficient service of process based on Plaintiff's service of the initial Petition on Defendant's counsel. Defendant also moves to dismiss the Petition for lack of subject-matter jurisdiction and for insufficient pleading pursuant to Rule 8 and 10(b) of the Federal Rules of Civil Procedure. In addition, Plaintiff has filed a motion for judgment on the pleadings.

II. Defendant's Motion to Dismiss

A. Service of Process

The Court's docket reflects that a summons was issued for Defendant on May 7, 2009 (DE 13) and returned unexecuted on June 5, 2009 (DE 14). An alias summons was issued on June 5, 2009 (DE 15) and returned executed on June 23, 2009 (DE 16). The executed summons states it was served on "Atty Alan Quiles at Law Firm- Ruden-McClosky" (DE 16). Defendant's motion states "[u]dersigned counsel hereby affirms by signature below and under penalty of perjury that he is not the registered agent for Defendant, nor is he an officer of Defendant or otherwise authorized to accept service of process on Defendant's behalf."[1] (Def. Mot. at 3.)

Rule 4(h) of the Federal Rules of Civil Procedure provide in relevant part as follows:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:

(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

---

[1] The Court takes judicial notice that defense counsel is not a registered agent nor an officer of Defendant. See http:// www.sunbiz.org (the records of the Florida Department of State, Division of Corporations).

2

>service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

>Rule 4(e)(1) states:

>Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made

Fed. R. Civ. P. 4(e)(1).

>With regard to service of process upon corporations, Florida state law provides that:

>1) Process against any private corporation, domestic or foreign, may be served:

>(a) On the president or vice president, or other head of the corporation;
>(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state....
>(3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

Florida Statutes § 48.081.

Under Florida law, "statutes that govern service of process are to be strictly construed to insure that a defendant receives notice of the proceedings . . . . The burden of proving the validity of the service of process is on the plaintiff." Anthony v .Gary J. Rotella & Associates, P.A., 906 So. 2d 1205, 1207 (Fla. Dist Ct. App. 2005); see Carter v. Lil' Joe Records, 829 So. 2d 953, 954

3

(Fla. Dist. Ct. App. 2002); ARW Exploration Corp. v. Kartsonis, 576 So. 2d 1369, 1370 (Fla. Dist. Ct. App. 1991). Service upon a corporation can only be made upon a representative or agent of the corporation designated by law. Dade Erection Svc, Inc. v. Sims Crane Svc., Inc., 379 So. 2d 423, 425 (Fla. Dist. Ct. App. 1980). "Strict compliance with Section 48.081 requires that a return which shows service upon an inferior officer or agent must demonstrate that all members of a superior class could not first be served." Id.; see Carlton, Inc. v. Lindy's of Omni, Inc., 408 So. 2d 243, 243 (Fla. Dist. Ct. App. 1981) (strict compliance with the statute is essential). "The purpose of the statute's defined hierarchy is to have the service made upon some one who is held responsible by the corporation and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation." Emery Worldwide, Inc. v. Indemnity Ins. Co. of N. Am., 797 So. 2d 623, 624 (Fla. Dist. Ct. App. 2001) (internal quotation marks omitted). Service of initial process on a defendant's attorney is not proper service on a defendant. See Drake v. Scharlau, 353 So. 2d 961, 965 (Fla. Dist. Ct. App. 1978).

  Here, Plaintiff served Defendant's attorney, who is not the registered agent for Defendant. Nor is he an officer of Defendant or otherwise authorized to accept service on Defendant's behalf. Based on the foregoing, the Court finds that service must be quashed. Plaintiff may attempt to re-serve Defendant within 90 days of the date of entry of this Order.

  B, Subject-Matter Jurisdiction

  Before addressing Defendant's arguments concerning lack of subject-matter jurisdiction, it is helpful to discuss the Court's prior relevant Orders. Previously, the Court dismissed, pursuant to 28 U.S.C. § 1915, Plaintiff's Petition, which was filed *in forma pauperis*, holding

that Plaintiff's claim was barred under the Rooker-Feldman doctrine.  Plaintiff's Petition stated that when his case was before the state court, the state court had dismissed his case with leave to amend his complaint, and Plaintiff chose not to amend his complaint but instead file his case in federal court.  In dismissing his Petition, the Court held that Plaintiff's decision not to amend his complaint as well as his failure to challenge the state court's ruling on appeal resulted in Plaintiff's state case becoming final. (DE 3.)  However, when Plaintiff subsequently informed the Court that Plaintiff voluntarily dismissed his state court case, the Court re-opened this case noting that there was never a final state court decision on the merits.  (DE 5.)

Defendant now argues that Plaintiff "does not avoid the finality of the dismissal or its affect on subsequent proceedings merely by voluntarily dismissing his claims." (Reply at 4.) Defendant also points out that Plaintiff only provided this Court with the state court order demonstrating Plaintiff voluntarily dismissed his case but Plaintiff failed to provide this Court with the state court order granting Defendant's motion to dismiss and providing Plaintiff with leave to amend his complaint.[2]  Furthermore, Defendant claims that pursuant to Florida Rule of Civil Procedure 1.420(b),[3] the state court's order granting the motion to dismiss operates as an

---

[2] Although Plaintiff did not provide the Court with the entire state court record, Plaintiff provided adequate information in his Petition for the Court to understand that the state court had indeed given Plaintiff leave to amend his state court complaint.

[3] Florida Rule of Civil Procedure 1.420(b) states in pertinent part:

 (b) Involuntary Dismissal

". . . .Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." Fla. R. Civ. P. 1.420(b).

5

adjudication on the merits.

The Court is perplexed by Defendant's interpretation of state court procedure.  While the state court dismissed Plaintiff's complaint, the state court also granted Plaintiff leave to amend the complaint.  Therefore, this was not an adjudication on the merits because the state court in its order "otherwise specifie[d]," that Plaintiff had leave to amend the complaint.  Furthermore, Plaintiff then chose to dismiss his case pursuant to Florida Rule of Civil Procedure 1.420(a).[4]  Regardless of whether the dismissal was pursuant to Florida Rule of Civil Procedure 1.420(a)(1) or (2), the dismissal is without prejudice.   Thus, the dismissal was not an adjudication on the merits.

Based on the procedural history highlighted <u>supra</u>, Plaintiff's decision to voluntarily dismiss his state case demonstrates that he never received a final state court judgment.  Thus, the Court rejects Defendant's argument to dismiss Plaintiff's Petition for lack of subject-matter

---

[4] Florida Rule of Civil Procedure 1.420(a) states in pertinent part:

a) Voluntary Dismissal.

(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision . . . . Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.

(2) By Order of Court; If Counterclaim. Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at a party's instance except on order of the court and upon such terms and conditions as the court deems proper. . . .Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

6

jurisdiction on the basis of the Rooker-Feldman doctrine.[5]  Application of the Rooker-Feldman doctrine "bars federal court jurisdiction where the prior state court ruling was a final or conclusive judgment on the merits." David Vincent, Inc. v. Broward County, 200 F.3d 1325, 1332 (11th Cir. 2000).  Based on this record, there was clearly no determination on the merits in state court.

    C.  Insufficient Pleading

Defendant moves, pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure, for Plaintiff to re-plead the Petition. After careful review of the Petition, the Court concludes that it is a "shotgun" pleading and must be re-pled. See Anderson v. District Bd. of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996) (shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claims for relief"). It is not a "short and plain statement of the claimsx" as mandated by Rule 8 of the Federal Rules of Civil Procedure. Nor does it comply with Rule 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . ." Fed. R. Civ. P. 10(b).  In Anderson, the Court, concerned with the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

---

[5] The Court had previously dismissed Plaintiff's Petition when it was under the impression that the state court had dismissed Plaintiff's state court complaint and Plaintiff disagreed with that decision but failed to appeal that state court decision.  Cf. Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th Cir. 2009) ("state proceedings have not ended for purposes of Rooker-Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment").

Id. at 366-67; see Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

      Plaintiff's Petition is 10 single-spaced pages long with 16 attached exhibits.  The Petition simply lists numerous causes of action in the first paragraph.  The remaining paragraphs are best described as rambling and the Court is only able to surmise that Plaintiff purchased a car with alleged mechanical problems from Defendant.  The remainder of the Petition merely references legal terms and various federal and state statutes and accuses Defendant of criminal activity.  Significantly, the Petition lacks separate counts.  This results in a confusing pleading because specific facts are not related in any way to a specific counts.  Therefore, to avoid the problems associated with "shotgun" pleadings, Plaintiff is directed to plead each legal claim in a separate count with special attention paid to each element of each count.  Each count must state with specificity both the factual and legal basis for the claim it sets forth. The Court hopes that by granting Plaintiff leave to amend his Petition with these directives in mind, Plaintiff will be able to conform his Petition in line with the dictates of Rules 8 and 10(b) of the Federal Rules of Civil Procedure.

      III.  Plaintiff's Motion for Judgment on the Pleadings (DE 33)

      Judgment on the pleadings does not "come into play until after the pleadings are closed." The pleadings are not closed until after an answer has been filed.  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).  Defendant has not yet filed an answer nor is it required to so at this point in the proceeding.  Therefore, Plaintiff's motion for judgment on the pleadings is denied.

      IV.  Conclusion

      Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss Complaint for Insufficient Service of Process or, in the Alternative, to Dismiss the Complaint with Prejudice (DE 17) is **GRANTED IN P ART AND DENIED IN PART**. The motion to dismiss for insufficient service of process is granted. The motion to dismiss for lack of subject-matter jurisdiction is denied. Plaintiff is granted leave to amend his complaint to conform with Rules 8 and 10(b) of the Federal Rules of Civil Procedure. Plaintiff shall file an Amended Complaint within **20 DAYS OF THE DATE OF ENTRY OF THIS ORDER.** Plaintiff shall serve his Amended Complaint within **90 DAYS OF THE DATE OF ENTRY OF THIS ORDER**

2) Plaintiff 's Motion for Hearing and to Expedite Proceedings (DE 20) is **DENIED**.

3) Plaintiff's Motion for Judgment on the Pleadings (DE 33) is **DENIED.**

4) Plaintiff's Motion for Hearing on Plaintiff's Judgment on the Pleadings (DE 38) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of November, 2009.

_____
KENNETH A. MARRA
United States District Judge