UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80344-CIV-MARRA/JOHNSON

PHILIP ANDREW WILSON,

Plaintiff,

vs.

ARIZONA CLASSIC AUTO
d/b/a JD Byrider and et al.,

Defendant.
_____/

**OPINION AND ORDER[1]**

This cause is before the Court upon Defendant Arizona Classic Auto d/b/a JD Byrider's ("Defendant") Motion to Strike Amended Complaint or, Alternatively, for a More Definite Statement (DE 45). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On November 10, 2009, the Court entered an order which granted Defendant's motion to dismiss for insufficient service of process and granted Plaintiff leave to amend his complaint to conform with Rules 8 and 10(b) of the Federal Rules of Civil Procedure.[2] The order directed Plaintiff to file the Amended Complaint within 20 days of the date of entry of the Order and to serve the Amended Complaint within 90 days of the date of entry of the Order. (DE 40.). On December 2, 2009, Plaintiff filed an Amended Complaint. (DE 41.)

---

[1] Familiarity with the Court's prior Orders is presumed.

[2] The Court also denied Defendant's motion to dismiss for lack of subject-matter jurisdiction.

II. Discussion

Defendant moves to strike the Amended Complaint as untimely on the basis that the Amended Complaint was due on November 30, 2009, but Plaintiff failed to file it until December 2, 2009.  According to Defendant, "where an order dismissing a complaint with leave to amend specifies a time certain within which a plaintiff may amend, the order of dismissal becomes final when the time period allowed for amendment expires." (DE 45 at 3.)

When the Court dismisses a complaint, the Court may "provide for a stated period within which the plaintiff may amend the complaint." Schuurman v. M/V Betty K V, 798 F.2d 442, 445 (11th Cir. 1986).  Significantly, "once the court has identified the date upon which the leave to amend expires, that expiration date becomes the date of the final order unless the court grants an extension of time upon consideration of a motion filed before the expiration date has passed." Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1132 (11th Cir.1994).  Without a request for an extension of time or an amendment having been filed, the dismissal order becomes a final, appealable order, and the district court loses all prejudgment powers to grant additional extensions.  Id. at 1132-33.

Here, it is undisputed that the Court's Order granting the motion to dismiss and leave to amend provided Plaintiff 20 days from November 10, 2009 to file an Amended Complaint.  Plaintiff failed to file the Amended Complaint until December 2, 2009, two days after the deadline.  Fed. R. Civ. P. 6(a).  Nor did Plaintiff file an extension of time prior to November 30, 2009 or make any motion or showing of excusable neglect.  Cf. Hertz, 16 F.3d at 1126 n.13.[3]

---

[3] Plaintiff asserts in his opposition to Defendant's motion that he was advised by the Clerk's offices in both Miami and West Palm Beach that "no material would be due on" Thanksgiving or the day after, and "the 20 days allotted to [Plaintiff] to have his amended

Based on this record, the Court is powerless to continue to assert jurisdiction over this matter. See Wernick v. Mathews, 524 F.2d 543, 545 (5th Cir.1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").[4]

The Court recognizes the harshness of this ruling.  In making the ruling, the Court notes that the ruling is purely jurisdictional and procedural in nature and is not based on the merits of the case.  That stated, the Court has no choice but to strike the Amended Complaint based on the Court's lack of jurisdiction over this action.

    III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that  Defendant's Motion to Strike Amended Complaint (DE 45) is **GRANTED.**  Based on the lack of jurisdiction, the case

---

pleading filed would be extended to the 2nd day of December 2009."  (DE 53) While the Court would believe that a Clerk's office employee told Plaintiff no filings would be due on those two days if the deadline to file fell on either of those days, since that is absolutely correct, see Fed. R. Civ . P. 6(a)(1)(C)(previously Fed. R. Civ. P. 6(a)(3)), the Clerk's employees would never have told Plaintiff that a filing deadline which fell on the first business day after the Thanksgiving holiday would be extended by 2 days because the Clerk's office was closed on 2 days before the filing deadline.  And even in the unimaginable event that such advice was given by a Clerk's employee in one of the offices, that mistake could not possibly have been given by Clerk's employees in two different offices, as Plaintiff claims.

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

is closed.  All pending motions are denied as moot.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 23nd day of April, 2010.

                                                                                     KENNETH A.  MARRA
                                                                                   United States District Judge